UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
07/28/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

REESE KEITH, )
    Plaintiff, )
)
v. )   CAUSE NO.
)
IN DEPT. OF CORRECTION, et al )  1:23-cv-1334-TWP-TAB
    Defendants. )

## §1983 CIVIL COMPLAINT

Comes now Plaintiff, pro se, and hereby brings his action as follows:

### THE PARTIES

1. At all times relevant, Plaintiff Reese Keith, (hereinafter "Keith,") DOC #220066 is located at Westville Correctional Facility, 5501 South 1100 West, Westville, IN 46391, (hereinafter "Westville".)

2. At all times relevant, Defendant Indiana Department of Correction, (hereinafter "IDOC"), employees, develop and implements policy and procedures in the State of Indiana to house and secure individuals convicted of criminal acts in the State of Indiana, including Pendleton. IDOC is located at Indiana Government Center South – Room E334, 302 W. Washington St., Indianapolis, IN 46204.

3. At all times relevant, Defendant Jack Hendrix, (hereinafter "Hendrix"), is an employee and/or contract worker at IDOC, hired to be the executive director of Classification for all incarcerated individuals housed within IDOC. He is located at Indiana Government Center South – Room E334, 302 W. Washington St., Indianapolis, IN 46204. He is named in his individual and official capacities.

1

4. At all times relevant, Defendant William Wilson, (hereinafter "Wilson"), is an employee and/or contract worker at IDOC, hired to be the Northern Regional Director for IDOC for all incarcerated individuals housed in facilities in the northern region of IDOC facilities. He is located at Indiana Government Center South – Room E334, 302 W. Washington St., Indianapolis, IN 46204. He is named in his individual and official capacities.

## ISSUES OF THE CASE

5. Plaintiff alleges due process and equal protection violations in this case because Plaintiff has a protected liberty interest to be free from disciplinary confinement upon the completion of the required disciplinary segregation time imposed upon him.

## GRIEVANCE PROCEDURE

6. Keith completed and exhausted the administrative remedies.

## JURISDICTION

7. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331

## PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

8. Keith has not begun other lawsuits in state or federal court dealing with the same facts involved in this action.

## FACTUAL BACKGROUND

9. Plaintiff was transferred to Westville's Westville Control Unit (WCU) to complete his disciplinary segregation time that had been imposed on him for conduct violations. On April 9, 2023 Plaintiff's segregation time was complete and Plaintiff should have been transferred to general population at an appropriate facility. Instead of transferring Plaintiff within a reasonable time the defendants have forced Plaintiff to complete disciplinary segregation time that he is not required to do causing him to suffer physical and mental injury. In an attempt to disguise the

fact that defendants are forcing Plaintiff to complete disciplinary time that he was not sanctioned to complete, Defendants have classified Plaintiff as an administrative segregation incarcerated individual. Although Defendants have classified Plaintiff as an administrative segregation incarcerated individual, Plaintiff does not have any administrative segregation privileges. Plaintiff continues to only have available to him disciplinary segregation privileges. In fact, not only did Defendants not transfer Plaintiff to any administrative or different housing to designate he is administrative segregation, Plaintiff continues to be located in the very cell he was required to be housed in to complete his disciplinary segregation. Plaintiff continues to receive only disciplinary segregation privileges and not any administrative segregation privileges. When Plaintiff complained about the fact he was being forced to complete additional disciplinary segregation time that he should not have to do he was told by Defendants' staff that he was pending transfer, yet, he has not been transferred to general population at any facility and continues to suffer physical and mental injury.

10. Plaintiff filed an appeal to being housed and forced to do additional disciplinary segregation time at Westville after he has completed his disciplinary segregation time but Defendants continue to force him to endure unsanctioned disciplinary segregation time. Plaintiff had no other administrative remedies he could complete.

## LEGAL CLAIMS

11. IDOC willfully and with wanton disregard for Keith's due process and equal protection rights afforded to him by the Fourteenth Amendment under the United States Constitution. Keith was sanctioned to complete disciplinary segregation time through April 9, 2023. Keith has a protected liberty interest to be free from punishment that he was not sanctioned to do. IDOC has chosen to not protect Keith. IDOC is forcing Keith to complete additional disciplinary

segregation time he was not sanctioned to complete which violates Keith's due process and equal protection rights under the Fourteenth Amendment of the United States Constitution. IDOC has policies and procedures to prevent incarcerated individuals from completing disciplinary segregation time that an individual is not required to do and IDOC has not protected Keith from completing disciplinary segregation time he was, and is, not required to complete. Keith filed a classification appeal to IDOC to make them aware he had completed his disciplinary segregation time and had not been transferred from segregation but no one responsible for this issue for IDOC addressed the matter. Because of IDOC's deliberate indifference to Keith's protected liberty interest to be free from being forced to complete disciplinary segregation time he is, and was not required to do, Keith's Fourteenth amendment rights have been violated, Keith has suffered physical and mental injury, and IDOC must be held accountable.

12. Hendrix willfully and with wanton disregard for Keith's due process and equal protection rights afforded to him by the Fourteenth Amendment under the United States Constitution. Keith was sanctioned to complete disciplinary segregation time through April 9, 2023. Keith has a protected liberty interest to be free from punishment that he was not sanctioned to do. Hendrix, as the executive director for IDOC, has a responsibility to order the transfer of Keith from disciplinary segregation upon the completion of his disciplinary segregation time and he has chosen to not protect Keith from doing additional, unwarranted disciplinary segregation time. Hendrix is forcing Keith to complete additional disciplinary segregation time he was not sanctioned to complete which violates Keith's due process and equal protection rights under the Fourteenth Amendment of the United States Constitution. Hendrix is suppose to follow IDOC policies and procedures to prevent incarcerated individuals like Keith from completing disciplinary segregation time he is not required to do. Hendrix has not protected Keith from

completing disciplinary segregation time he was, and is, not required to complete. Keith filed a classification appeal to IDOC, which would have at some point reached Hendrix, who has the power and authority to resolve Keith's issues, to make Hendrix aware he had completed his disciplinary segregation time and had not been transferred from segregation but Hendrix did not addressed the matter and have Keith transferred out of disciplinary segregation. Because of Hendrix's deliberate indifference to Keith's protected liberty interest to be free from being forced to complete disciplinary segregation time he is, and was not required to do, Keith's Fourteenth amendment rights have been violated, Keith has suffered physical and mental injury, and Hendrix must be held accountable.

13. Wilson willfully and with wanton disregard for Keith's due process and equal protection rights afforded to him by the Fourteenth Amendment under the United States Constitution. Keith was sanctioned to complete disciplinary segregation time through April 9, 2023. Keith has a protected liberty interest to be free from punishment that he was not sanctioned to do. Wilson, as the Northern Regional Director for IDOC, has a responsibility to order the transfer of Keith from disciplinary segregation upon the completion of his disciplinary segregation time and he has chosen to not protect Keith from doing additional, unwarranted disciplinary segregation time. Wilson is forcing Keith to complete additional disciplinary segregation time he was not sanctioned to complete which violates Keith's due process and equal protection rights under the Fourteenth Amendment of the United States Constitution. Wilson is suppose to follow IDOC policies and procedures to prevent incarcerated individuals like Keith from completing disciplinary segregation time he is not required to do. Wilson has not protected Keith from completing disciplinary segregation time he was, and is, not required to complete. Keith filed a classification appeal to IDOC, which would have at some point reached Wilson, who has the

power and authority to resolve Keith's issues, to make Wilson aware he had completed his disciplinary segregation time and had not been transferred from segregation but Wilson did not addressed the matter and have Keith transferred out of disciplinary segregation. Because of Wilson's deliberate indifference to Keith's protected liberty interest to be free from being forced to complete disciplinary segregation time he is, and was not required to do, Keith's Fourteenth amendment rights have been violated, Keith has suffered physical and mental injury, and Wilson must be held accountable.

## JURY DEMAND

14. Plaintiff sees a jury trial.

## RELIEF DEMANDED

15. Plaintiff seeks an injunction ordering Defendants to transfer Plaintiff to general population at the Indiana State Prison and that judgment be entered assessing compensatory damages against Defendants in the amount of five hundred dollars ($500.00) for every day Plaintiff was forced to complete disciplinary segregation time passed is required time in segregation, and punitive damages against Defendants in the amount of one thousand five hundred dollars ($1500.00) for every day Plaintiff was forced to complete disciplinary segregation time passed is required time in segregation.

## VERIFICATION AND SIGNATURE

I, R. Keith, declare under the penalties for perjury that the statements made are true and self-evident.

July 25 2023
Date

*Reese T. Keith* (signature)
R. Keith, Plaintiff *pro se*